IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | 3:11-cr-00017 |
| v. | * | |
| DAMON O'NEIL, | * | ORDER |
| Defendant. | * | |

Before the Court is Defendant Damon O'Neil's pro se motion filed on March 25, 2019, seeking a reduction of his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. ECF No. 164. The Government has not responded and the time within which to do so has expired. The matter is fully submitted.

Defendant was convicted by a jury of conspiracy to distribute twenty-eight grams or more, but less than 280 grams, of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. ECF No. 69. The Government filed a notice of enhancement under 21 U.S.C. § 851, identifying two prior felony drug convictions. ECF No. 44. On May 10, 2012, the Court sentenced Defendant to life in prison, finding by a preponderance of the evidence that he was responsible for 2.5 kilograms of crack cocaine, triggering a mandatory life sentence because of Defendant's prior felony convictions under 21 U.S.C. §§ 841(b)(1)(A) and 851. ECF No. 106. Defendant appealed, and the Eighth Circuit initially affirmed. *See United States v. O'Neil*, 496 F. App'x 694 (8th Cir. 2013). Defendant petitioned for a writ of certiorari, and the Supreme Court granted certiorari, vacated the Eighth Circuit's opinion, and remanded to the Eighth Circuit for further consideration following *Alleyne v. United States*, 570 U.S. 99 (2013). *O'Neil v. United States*, 571 U.S. 801 (2013). In response, the Eighth Circuit vacated Defendant's

sentence and remanded to the district court for resentencing following *Alleyne*, which prevented the Court from enhancing Defendant's mandatory minimum sentence beyond that supported by the jury's verdict. *See United States v. O'Neil*, 549 F. App'x 595 (8th Cir. 2014). On remand, the Court sentenced Defendant to 180 months' imprisonment and eight years of supervised release—a substantial downward variance from the advisory Guidelines range of 360 months to life in prison. ECF Nos. 145, 146. Defendant again appealed, and the Eighth Circuit affirmed. *United States v. O'Neil*, 595 F. App'x 665 (8th Cir. 2015). Defendant now seeks a sentence reduction in light of the First Step Act of 2018. ECF No. 164.

Defendant first relies on section 401(a)(2)(B) of the First Step Act, which changed the type of prior conviction that could trigger an enhanced mandatory minimum sentence under 21 U.S.C. §§ 841(b)(1) and 851 from "a felony drug offense" to "a serious drug felony or serious violent felony." 132 Stat. at 5220–21. Defendant argues that his prior convictions do not qualify as serious drug felonies following this change and could not have enhanced his mandatory minimum. Defendant may be correct that he would have faced different sentencing consequences under section 401 of the First Step Act. This change, however, was not made retroactive for defendants sentenced before the enactment of the First Step Act in 2018. When Congress changes a law, those changes are not automatically retroactive and do not entitle those convicted under previous versions of a law to relief. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide . . . ."); *see also United States v. Orr*, 636 F.3d 944, 957–58 (8th Cir. 2011) (explaining that changes in criminal penalties are only retroactive when the operative act explicitly states the change is retroactive). The First Step Act provides that section 401 "shall apply to any offense that was committed

2

before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Sec. 401(c), 132 Stat. at 5222. Congress did not make the First Step Act further retroactive to sentences already final, and retroactivity is conditioned "on Congress's express provision within the legislation for its retroactive application." *Orr*, 636 F.3d at 957–58. Defendant's sentence became final in 2014, ECF No. 145, well before the First Step Act's enactment on December 21, 2018, *see* 132 Stat. at 5194. Section 401 of the First Step Act therefore does not apply to Defendant and does not entitle him to relief.

Defendant also relies on section 404 of the First Step Act, which made retroactive certain changes to the mandatory minimums for crack cocaine offenses originally implemented in the Fair Sentencing Act of 2010. *See* 132 Stat. at 5222. As noted, Defendant was sentenced first in 2012 and then re-sentenced in 2014. The Fair Sentencing Act of 2010 had already been enacted before both events, and Defendant's sentence took that into account. The First Step Act states that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with . . . the Fair Sentencing Act of 2010." § 404(c), 132 Stat. at 5222. Because Defendant was sentenced in 2014, he was sentenced "in accordance with" the Fair Sentencing Act of 2010 and is not entitled to any further relief under the First Step Act. *Id.*

Accordingly, Defendant's pro se motion to reduce his sentence (ECF No. 164) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of April, 2019.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

3